IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BRENDA BORING                                                          PLAINTIFF

V.                                               CIVIL CAUSE NO. 3:26-CV-169-MPM-JMV

WINSTON EGGLESTON
*individually, and in his capacity as Director*
*of the Eggleston Artistic Trust, and as Secretary*
*and Treasurer of the Eggleston Artistic Trust*, et. al.               DEFENDANTS

ORDER STAYING CASE

The plaintiff Brenda Boring has filed three civil actions in this court and has moved to proceed *in forma pauperis* in each. On May 26, 2026, the plaintiff filed *Boring v. City of Greenwood, Mississippi et al*, Civil Action 4:26-cv-75-DMB-JMV; on May 27, 2026, she filed *Boring v. City of Greenwood, Mississippi et al*, Civil Action 4:26-cv-76-DMB-DAS; and on June 18, 2026, she filed *Boring v. Eggleston et al*, Civil Action 3:26-cv-169-MPM-JMV. The court has identified multiple inconsistencies among the motions and amended motions to proceed *in forma pauperis* that the plaintiff filed under penalty of perjury in each of these cases.

For example, in *Boring v. City of Greenwood, Mississippi et al*, Civil Action 4:26-cv-75-DMB-JMV, the plaintiff filed three Applications to Proceed in District Court Without Prepaying Fees or Costs between May 26, 2026, and June 22, 2026.[1] In her initial application, she states her gross pay is $900.00 and her take-home pay is $700.00 *per day*. In her amended application, she revises her gross pay to $167 and take-home pay to $47.00 *per month*, yet in the same submission, states her gross and take-home pay are $40.00. The plaintiff's income figures differ

---

[1] On June 12, 2026, the court granted the plaintiff's amended motion to proceed *in forma pauperis* in this case and ordered her to provide the correct address for each defendant. On June 16, 2026, the Clerk of Court issued summonses, yet on June 22, 2026, the plaintiff filed an amended motion to proceed *in forma pauperis*.

again in her second amended application where she states her gross pay is $840.00 and her take-home pay is $740.00 a month.

Furthermore, despite providing income figures, in the plaintiff's amended application she states she is unemployed, but in the second amended application, filed 11 days later, she states her "baseline self-employment income" consists of that earned as a DoorDash delivery driver and from "residential care and cleaning" totaling $840.00 a month. Regarding rent payments, the plaintiff's initial and amended applications state her rent is $600 per month but in her second amended application, she states she pays $400 per month for this expense.

In *Boring v. City of Greenwood, Mississippi et al*, Civil Action 4:26-cv-76-DMB-DAS, the plaintiff again filed three Applications to Proceed in District Court Without Prepaying Fees or Costs between May 26, 2026, and June 22, 2026. The court notes similar inconsistencies across these applications to those previously identified in Civil Action 4:26-cv-76-DMB-JMV. Notably, in applications filed in each of the plaintiff's three cases, she identifies an individual who contributes financial assistance toward her various living expenses.

The same inconsistencies are found in *Boring v. Eggleston et al*, Civil Action 3:26-cv-169-MPM-JMV between the plaintiff's original and amended motions to proceed *in forma pauperis*. In her original Application to Proceed in District Court Without Prepaying Fees or Costs, the plaintiff states her gross and take-home pay are $40.00 a month, and her rent is $600.00 a month. In her amended application, her monthly gross pay increases to $840.00 and her take-home pay increases to $740.00 a month while her rent decreases to $400.00 a month.

A district court may authorize the commencement of an action without the payment of the filing fee by persons who submit an affidavit that they are "unable to pay such fees or give

security therefor." 28 U.S.C. § 1915(a)(1). However, the court must examine the financial condition of the applicant[s] to determine whether payment of fees would "cause [an] undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see also Dixon v. Colvin*, 2015 WL 899019, at * 2 (N.D. Tex. March 3, 2015) ("Whether the litigant is unable to pay the costs associated with initiating a lawsuit, moreover, depends in part on the litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend.") (cleaned up). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, 2009 WL 3431457 (S.D. Miss. 2009).

A district court has authority to conduct reasonable investigations into an allegation of poverty. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016). Dismissal is mandatory if the court determines "at any time," even after the plaintiff pays the filing fee, that the contents of an IFP application are false. 28 U.S.C.A. § 1915(e)(2)(A). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Williams*, 2009 WL 3431457 at *1 (citing *Willard v. United States*, 299 F.Supp. 1175, 1177 (N.D. Miss. 1969)).

Due to the multiple inconsistencies among the plaintiff's sworn applications filed in the three cases identified herein, the court has concerns regarding whether she in fact qualifies to proceed without prepaying fees or costs. Before proceeding further, the court must question the plaintiff regarding her ability to pay the costs associated with initiating these lawsuits and as to whether she possesses an ability to obtain the necessary funds from another source.

However, in each of these cases the plaintiff has referenced her "active cancer recovery" including a recent "major surgical procedure" to be followed by "intensive" continued treatment.

Specifically, she submitted correspondence from a treating provider referencing surgery on May 30, 2026, that requires a six-week post-op recovery period followed by chemotherapy. Because of the plaintiff's representations concerning her physical health, the court will refrain from ordering her to personally appear and show cause regarding the inconsistencies in the various versions of her motions to proceed *in forma pauperis* at this time. Instead, the court will stay the cases identified herein until the plaintiff is able to appear in the Northern District of Mississippi for further inquiry into her financial status.[2]

Accordingly, this case is STAYED pending further order of the court. The plaintiff is ordered to provide quarterly updates to the court regarding her ability to personally appear in the Northern District of Mississippi to show cause regarding her financial status beginning on October 1, 2026, with subsequent reports due January 1, 2027, April 1, 2027, and July 1, 2027. Upon notice that the plaintiff can personally appear, the court will notice a hearing on the issues set forth in this order.

SO ORDERED, this the 30th day of June, 2026.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE

---

[2] "A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (referring to power to stay proceedings as incident to such inherent powers)).