**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**BRENDA BORING** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 3:26-CV-169-MPM-JMV**

**WINSTON EGGLESTON, ET AL.** **DEFENDANTS**

**ORDER GRANTING IFP STATUS BUT WITHHOLDING SERVICE OF PROCESS, LIFTING STAY, AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Before the Court in this matter is the Plaintiff's Motion to Proceed *in Forma Pauperis* ("IFP") [Doc. 2], Plaintiff's Second Motion to Proceed IFP [Doc. 5], and Plaintiff's Motion to Lift Stay and Motion to Reconcile or Reconsider IFP Status [Doc. 7]. For the reasons that follow, Plaintiff's Motion to Proceed IFP [Doc. 2] is hereby GRANTED, and Plaintiff's Second Motion to Proceed IFP [Doc. 5] and Motion to Lift Stay and Motion to Reconcile or Reconsider IFP Status [Doc. 7] are hereby terminated as MOOT.

On June 18, 2026, Plaintiff filed the Complaint [Doc. 1] in this action and a Motion to Proceed IFP [Doc. 2], along with a memorandum in support of the same [Doc. 3]. On June 22, 2026, Plaintiff filed a Second Motion to Proceed IFP [Doc. 5]. On June 12, 2026, the undersigned entered an Order Staying the Case [Doc. 6] pending further order of the Court and ordering Plaintiff to provide updates regarding her ability to personally appear before the Court. Plaintiff filed a Motion to Lift Stay and Motion to Reconcile or Reconsider IFP Status [Doc. 7].

The Court noticed a hearing on this matter [Doc. 8], and the Plaintiff testified as to her financial status under oath before this Court on August 27, 2026 [Doc. 9]. Based on Plaintiff's testimony, the Court finds that Plaintiff may proceed with IFP status. Accordingly, the stay should be lifted, and this action may proceed.

When a plaintiff is granted the right to proceed IFP, "officers of the court shall issue and serve all process." 28 U.S.C § 1915(d). An IFP plaintiff "is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987). However, once a plaintiff is aware of possible defects in service of process, they must attempt to remedy them. *Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009).

The plaintiff—not the court—is obligated to provide information regarding the appropriate defendant and information, including the correct address, necessary to secure good process. *Buckley v. Epps*, No. 4:09CV010-A-S, 2010 WL 2245560, at *1 (N.D. Miss. June 1, 2010). Therefore, Plaintiff is directed to respond within 14 days of the date of this Order, or by September 14, 2026, by way of a supplement to her complaint, with a list identifying each named defendant, the person to be served, and an address for each defendant so that process may be served.

**THEREFORE, IT IS ORDERED:**

1. That the stay on the above-styled matter is hereby **LIFTED**;
2. That the Plaintiff's Motion to Proceed IFP [Doc. 2] is hereby **GRANTED, but service of process is withheld at this time**;
3. That the Plaintiff's Second Motion to Proceed IFP [Doc. 5] and Motion to Lift Stay and Motion to Reconcile or Reconsider IFP Status [Doc. 7] are hereby terminated as **MOOT**;
4. **That the Plaintiff will file a supplement to the Complaint with the name of each defendant, and where the person to be served process is different from the named defendant itself (such as where a legal entity or public body is**

**sued), Plaintiff is directed to provide the identity of the person upon whom she seeks to have the marshal serve the summons and complaint on in order to effectuate service of process on that defendant; and**

5. **That for each person to be served, Plaintiff must provide the address where they are to be served, all within 14 days of the date of this Order, or by September 14, 2026.**

**SO ORDERED** this, the 31st day of August, 2026.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**