IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI OXFORD DIVISION

RECEIVED
OCT 26 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

BRENDA BORING, Plaintiff,

v. CIVIL ACTION NO.: 3:26-cv-00169-MPM-JMV

WINSTON EGGLESTON, ET AL.,

Defendants.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [DOC. 32], MOTION FOR ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3), AND MOTION FOR EXTENSION OF TIME UNDER FED. R. CIV. P. 6(b)

COMES NOW the Plaintiff, Brenda Boring, proceeding pro se and in forma pauperis, and respectfully submits this Response to the Court's Order to Show Cause dated October 22, 2026 [Doc. 32]. Plaintiff further moves this Court for an Order authorizing alternative service of process on foreign Defendants under Federal Rule of Civil Procedure 4(f)(3) and granting an extension of time under Federal Rule of Civil Procedure 6(b)(1)(A). In support thereof, Plaintiff states as follows:

I. CLARIFICATION AND STATUS OF DOMESTIC DEFENDANTS

1. Defendant Matthew Johnson (Defendant 10): Plaintiff informs the Court that Defendant Matthew Johnson has already been formally served with process in this action.

Consequently, no alias summons or further service instructions are required for Mr. Johnson.

2. Defendant Robert Gordon (Defendant 3): Plaintiff clarifies and confirms that service of process by the United States Marshals Service is requested upon Robert Gordon strictly in his individual capacity at his primary residential dwelling house pursuant to Fed. R. Civ. P. 4(e)(2)(B): Robert Gordon 1594 Harbert Ave. Memphis, TN 38104 Plaintiff expressly withdraws the secondary/alternative "c/o" literary agent address previously referenced in Document 18.

3. Defendant Bruce Watson (Defendant 11): Plaintiff clarifies that Defendant Bruce Watson is no longer employed by or affiliated with Defendant Fat Possum Records, LLC. Therefore, Plaintiff does not seek service upon him via the commercial entity. Plaintiff requests that the U.S. Marshals Service execute personal service upon Bruce Watson in his individual capacity at his primary residential dwelling house pursuant to Fed. R. Civ. P. 4(e)(2)(B): Bruce Watson 5736 Shady Glen Rd. Memphis, TN 38120

## II. MOTION FOR COURT-ORDERED ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)

Plaintiff respectfully moves the Court for an order authorizing alternative service of process upon Defendants 6, 7, 8, and 9 (Jason Pierce p/k/a J. Spaceman, John Coxon, Tony Foster, and Rupert Clervaux) by delivering process to their domestic distributor and licensing partner, Defendant Fat Possum Records, LLC:

1. Foreign Residence of Defendants 6, 7, 8, and 9: Defendants Jason Pierce, John Coxon,

Tony Foster, and Rupert Clervaux are individual recording artists and citizens/residents of the United Kingdom, residing outside the territorial jurisdiction of the United States.

2. Legal Standard Under Rule 4(f)(3): Under Federal Rule of Civil Procedure 4(f)(3), a federal district court has broad discretion to direct service of process on individuals located in a foreign country "by other means not prohibited by international agreement." Service under Rule 4(f)(3) is neither a last resort nor subordinate to other methods under Rule 4(f). Federal courts routinely authorize domestic service on a foreign defendant's domestic commercial affiliate, exclusive distributor, or business representative.

3. Compliance with International Agreements: Because service is to be executed domestically within the United States upon Fat Possum Records, LLC at its corporate headquarters in Oxford, Mississippi, the Hague Service Convention does not apply and does not prohibit this method. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 707 (1988) (holding that where process is served on a domestic agent, the Hague Service Convention does not apply).

4. Due Process and Direct Commercial Agency: Under Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), constitutional due process requires service to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Service upon Fat Possum Records, LLC satisfies due process based on the following specific factual ties: a. Defendants Jason Pierce, John Coxon, Tony Foster, and Rupert Clervaux are actively signed to, commercially affiliated with, and distributed in the United States by Defendant Fat Possum Records, LLC. b. Fat Possum Records, LLC actively administers ongoing contractual agreements, licensing

distributions, record marketing, and direct royalty disbursements to these four artists and their management. c. Because Fat Possum Records, LLC maintains direct, ongoing commercial, financial, and contractual channels with these four foreign defendants, serving process upon Fat Possum Records, LLC with instructions to transmit the summons and complaint to these signed artists is reasonably calculated to afford them actual and timely notice of this litigation.

III. MOTION FOR EXTENSION OF TIME UNDER FED. R. CIV. P. 6(b)(1)(A)

Plaintiff respectfully requests a sixty (60) day extension of time to complete service of process:

1. Under Fed. R. Civ. P. 4(m), the standard 90-day time limit expressly does not apply to service upon individuals in a foreign country under Rule 4(f).
2. Under Fed. R. Civ. P. 6(b)(1)(A), good cause exists because Plaintiff is proceeding pro se and in forma pauperis, has acted diligently to investigate and verify correct residential addresses for unserved domestic defendants, and requires additional time for the Court to determine this Rule 4(f)(3) motion and for the United States Marshals Service to execute service once summonses are issued.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Find that this Response satisfies and resolves the Court's Order to Show Cause dated October 22, 2026 [Doc. 32];

2. Direct the Clerk of Court to issue alias summonses and instruct the United States Marshals Service to effect personal service of process upon:
   - Defendant Robert Gordon at 1594 Harbert Ave., Memphis, TN 38104; and
   - Defendant Bruce Watson at 5736 Shady Glen Rd., Memphis, TN 38120;
3. Enter an Order pursuant to Fed. R. Civ. P. 4(f)(3) authorizing service of process upon foreign Defendants Jason Pierce, John Coxon, Tony Foster, and Rupert Clervaux via delivery of process to their domestic distributor and licensing partner, Defendant Fat Possum Records, LLC, at 827 N. Lamar Blvd., Oxford, MS 38655;
4. Note on the docket that Defendant Matthew Johnson has already been served and requires no further process; and
5. Grant Plaintiff an extension of sixty (60) days to complete service of process.

Respectfully submitted this 23rd day of October, 2026.

Brenda Boring

Brenda Boring, Pro Se

3901 West Esplanade Ave., #640174

Kenner, LA 70064

Telephone: (504) 500-2636

Email: brendajboring@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I served a true and correct copy of the foregoing document by placing it in the United States Mail, first-class postage prepaid, addressed to

Federal Building

911 Jackson Avenue East, Room #369

Oxford, MS 38655

I further understand and acknowledge that transmittal of process and service instructions to the United States Marshals Service for parties proceeding *in forma pauperis* is executed by the Clerk of Court pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

Brenda Boring, Pro Se Brenda Boring

3901 West Esplanade Ave., #640174

Kenner, LA 70064

Telephone: (504) 500-2636