**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**BRENDA BORING** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 3:26-cv-169-MPM-JMV**

**WINSTON EGGLESTON, ET. AL.** **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE ELECTRONICALLY**

This matter is before the Court on Plaintiff's Motion for Leave to File Electronically [Doc. 41]. Because granting the relief requested would be in contravention of the Court's Administrative Procedures for Electronic Case Filing, the undersigned finds that the motion should be denied for the reasons provided below.

Plaintiff's request is governed by this Court's Administrative Procedures for Electronic Case Filing. Pursuant to Section I., the Court's Case Management/Electronic Case Filing system (CM/ECF) "permits properly registered attorneys to file documents and to view and search court records twenty-four hours a day. **Non-attorneys and non-registered attorneys may "read only" documents in the system by utilizing the Public Access to Court Electronic Records (PACER) program.**" (emphasis added). Plaintiff executed a Consent and Registration Form to Receive Documents Electronically [Doc. 43] on November 3, 2026, so since that time she has been receiving electronic notices of all filings in this matter at her email address, brendajboring@gmail.com.

Further, Section I., B. of the Court's Administrative Procedures for Electronic Case Filing, provides as follows:

B) Participants in Electronic Filing

> While all parties, including those proceeding pro se, may register with PACER to receive "read only" accounts, **only registered attorneys, as officers of the court, are permitted to file electronically.** Pro Se (Non-Prisoner) parties may consent to receive electronic notice of the filing of documents.

Administrative Procedures for Electronic Case Filing, Section I., B. (emphasis added).

Plaintiff has not argued that she fits within the definition of those permitted to participate in electronic filing in this District. The Court declines to open this proverbial can of worms and permit a pro se party who is not a registered attorney nor an officer of the Court, to file documents electronically in contravention of the Court's Administrative Procedures for Electronic Case Filing. The Court acknowledges that Section I., A., provides that the "procedures govern electronic filing in this district, unless, due to circumstances in a particular case, a judicial officer or the Clerk of the Court determines that these policies and procedures should be modified." However, the Court does not find that the circumstances of this case merit modifying the standard procedures.

For the foregoing reasons, the Plaintiff's Motion for Leave to File Electronically [Doc. 41] is DENIED.

**SO ORDERED**, this the 18th day of November, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**